UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS CASSIDY

                Plaintiff,

  -against-

THE CITY OF NEW YORK, AND
POLICE OFFICER MICHAEL LAGANI (NYPD)
SHIELD NO: 22397

                Defendants.

Case No. 13 CV 1585(WHP)

**FIRST AMENDED COMPLAINT**

JURY TRIAL
DEMANDED

---

### INTRODUCTION STATEMENT

1. This is a civil action seeking to redress violations of plaintiff's rights under the Constitution and laws of the United States and the State of New York for defendants' conduct in falsely arresting and imprisoning plaintiff, and subjecting him to malicious persecution.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C.A. Sections 1983 and 1988 and the Equal Protection clause to the United States Constitution. Plaintiff also invokes this Court's supplemental jurisdiction to assert claims under Article I, Section 12 of the New York State Constitution, Section 8 of the New York Civil Rights Law and the State law claims of false arrest, false imprisonment, and malicious persecution.

3. This Court has jurisdiction pursuant to 28 U.S.C.A. Sections 1331 and 1343, since this claim arises under the Constitution and laws of the United States and since defendants acted under color of state law.

### VENUE

4. Venue lies in this District pursuant to 28 U.S.C.A. Section 1391(b) (2) since the events giving rise to the claim occurred in the Southern District of New York.

### PARTIES

5. Plaintiff Thomas Cassidy is a resident of Brooklyn, New York. At the time of the event, he resided in the city of Brooklyn in Kings County in the State of New York.

6. Defendant, Police Officer Michael Lagani (NYPD) Shield No: 022397 is a New York

Police Officer who is being sued in his individual and official capacity.

7. The Defendant, The City of New York is a municipality in the State of New York, and employs the Defendant Police Officer, and the actions and / or conduct of the officer complained of herein were done as part of the custom, practice, usage, regulation and / or direction of the City of New York.

## FACTUAL ALLEGATIONS

8. On or about November 13th, 2010, at about 12:00 a.m., plaintiff was in the driver's seat of a car, parked in a legal parking spot, resting, sleeping and waiting for his friend, after a party.

9. The car was at the corner of Meyers Street and East Tremont Avenue, in the Bronx, and the engine was not running, neither were any lights of the car turned on.

10. Defendant Police Officer Michael Lagani (hereinafter "Lagani") approached the car, tapped on the driver's side window, and asked the plaintiff to step out of the car.

11. Plaintiff then stepped out of the car, and was told by defendant Lagani to put his hands behind his back.

12. Defendant Lagani then handcuffed the plaintiff, and arrested him for allegedly driving while ability impaired and driving while intoxicated.

13. Defendant Lagani then asked plaintiff if he had been drinking, plaintiff said he had a glass of wine, and defendant Lagani took plaintiff in handcuffs to the precinct for a breathalyzer test.

14. At the precinct, plaintiff took the breathalyzer test, and the reading on the breathalyzer showed that plaintiff had 0.086 of one per centum by weight of alcohol in his blood.

15. Plaintiff was not operating the car at the time he was encountered and arrested by defendant Lagani.

16. On June 21, 2012, all of the charges against the plaintiff were dismissed.

17. On August 16, 2012, plaintiff filed a Notice of Claim with The City of New York.

18. As a proximate result of the defendants' conduct, plaintiff was held for over 48 hours before he was arraigned.

19. As a proximate result of the defendants' conduct, plaintiff had to attend court on about 12 different occasions.

20. As a proximate result of the defendants' conduct, plaintiff was out of work for about 14 months.

21. The actions of the defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be free from malicious prosecution, and false arrest.

22. Defendants have deprived plaintiff of his rights, privileges and immunities under The Fourth Amendment of the United States Constitution, 42 U.S.C. Sections 1983, and the laws of the City of New York and the State of New York as at no time did plaintiff commit any offenses against the laws of New York City and/or State for which an arrest may be lawfully made. And at no time did the plaintiff commit any illegal acts, or engage in any conduct, which in any way justified the unlawful actions of the police and/or other defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "22" as if more fully set forth herein.

24. Defendant The City of New York through its agent, and defendant Police Officer Lagani violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A Section 1983 by falsely arresting him.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "24" as if more fully set forth herein.

26. Defendant The City of New York through its agent, defendant Police Officer Lagani violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. Section 1983 by maliciously prosecuting him.

## AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiff repeats and alleges the allegations contained in paragraphs "1" through "26" as if more fully set forth herein.

28. Defendant The City of New York through its agent, defendant Police Officer Lagani violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him.

## AS AND FOR A FOURTH CAUSE OF ACTION

29. Plaintiff repeats and alleges the allegations contained in paragraphs "1" through "28" as if more fully set forth herein.

30. Defendant Police Officer Lagani violated plaintiff's rights under the New York State Constitution by falsely arresting him.

## AS AND FOR A FIFTH CAUSE OF ACTION

31. Plaintiff repeats and alleges the allegations contained in paragraphs "1" through "30" as if more fully set forth herein.

32. Defendant Police Officer Lagani violated plaintiff's rights under the New York State Constitution by falsely imprisoning him.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally:

  a. Awarding plaintiff compensatory damages in an amount to be determined by the jury;

  b. Awarding plaintiff punitive damages in an amount to be determined by the jury;

  c. Awarding plaintiff reasonable attorneys' fees, costs and disbursements pursuant to 42 U.S.C.A. section 1988; and

  d. Such other and further relief as may be just and proper.

Dated: Brooklyn, New York
       July 11, 2013

Respectfully submitted,

_____
Da'Tekena Barango-Tariah, Esq. (DB5592)
25 Bond Street, 2nd Floor
Brooklyn, New York 11201.
(718) 625 4200

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

===================================================

THOMAS CASSIDY,

                                      Case NO.: 13 CV 1585(WHP)

                        Plaintiff,

-against-

                                      **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK, AND
POLICE OFFICER MICHAEL LAGANI (NYPD)
SHIELD NO: 22397

                        Defendants.

===================================================

               **Da'Tekena Barango-Tariah, Esq.**
                    Attorney for Plaintiff
                  25 Bond Street, 2nd Floor
                 Brooklyn, New York 11201
                     718 625 4200

===================================================

Take Notice that the attached is a true copy of a Judgment duly entered in the office of the clerk of the within named court on _____

STATE OF NEW YORK, COUNTY OF KINGS ss:

I, Da'Tekena Barango-Tariah, Esq., say, under penalty of perjury, I am not a party to the action, that I reside at Brooklyn, New York, and I am over the age of 18 years of age and on July 12, 2013, I served a copy of the attached First Amended Complaint by mailing the same in a sealed envelope, with postage prepaid therein, in a post-office of official depository of the defendants' attorneys at:

Anthony M. Disenso, Esq.
Michael A. Cardozo
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

_____
Da' Tekena Barango-Tariah, Esq.